IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Chang Ho Ceon | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 16-cv-3043 |
| Plaintiff, | ) | |
| v. | ) | Judge |
| Ahjoomah's Apron Corp. and Su J Lee | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Chang Ho Ceon, through his attorney, for his Complaint against Ahjoomah's Apron Corp. and Su J Lee ("Defendants"), states as follows:

### NATURE OF PLAINTIFF' CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff. During the course of his employment by Defendant, despite Plaintiff working in excess of forty (40) hours per week, Plaintiff was not paid overtime wages. Plaintiff further alleges that Defendant's failure to pay the overtime wages is willful and intentional.

### THE PARTIES

2.  Plaintiff was at all times relevant hereto employee of Defendant.

3.  Plaintiff was at all times relevant hereto individual employed in the State of Illinois by Defendant.

4.  Plaintiff was at all times relevant hereto resided in the State of Illinois.

1

5. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as individual action for himself.

7. For the period commencing on or about November 15, 2012, until October 20, 2013, Plaintiff Ceon regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

9. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

10. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

11. Plaintiff Ceon regularly worked more than 40 hours per week while employed by Defendant.

12. Plaintiff Ceon performed manual labor for Defendant.

13. Plaintiff Ceon was assigned to the said manual labor by Defendant.

14. Plaintiff Ceon was not required to possess any specialized skills in order to do the assigned work for Defendants.

15. Plaintiff Ceon did not have to supply his own tools and equipment in connection with his work for Defendants.

16. Plaintiff was required to report to work for Defendants at a certain time.

17. Plaintiff could not set his own hours of work for Defendants.

18. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

19. Defendant Ahjoomah's Apron Corp. is and was at all relevant times hereto engaged in the business of Restaurant.

20. Defendant Ahjoomah's Apron Corp. is and was at all relevant times hereto engaged in the interstate commerce.

21. Defendant Su J Lee ("Lee") managed, supervised, established and administered the terms and conditions of Plaintiff's employment from about November 15, 2012, to about October 20, 2013.

22. Defendant Lee participated in and approved of the unlawful pay practices of the corporate Defendant Ahjoomah's Apron Corp.

23. Defendant Lee was involved in assigning work to Plaintiff.

24. Defendant Lee had the power and authority to discipline Plaintiff.

25. Defendant Lee exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26. Defendant Lee hired Plaintiff.

27. Defendant Lee was in charge of paying employees.

28. Defendant Lee told Plaintiff where to work and when to work.

29. Defendants employed Plaintiff to do work for them in the State of Illinois.

30. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

31. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

32. Defendants held Plaintiff out as an employee.

33. Defendants employed and paid Plaintiff as their employee.

34. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

35. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

36. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

37. Defendants never obtained legal advice or counsel that its overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

38. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

39. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

40. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

41. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

42. Defendant Ahjoomah's Apron Corp. is an Illinois corporation doing business as a restaurant and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

43. Defendant Lee is a citizen and resident of Cook and is the President of Defendant Ahjoomah's Apron Corp.

## JURISDICTION AND VENUE

44. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

45. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

46. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

47. For Plaintiff Ceon, for the period commencing on or about November 15, 2012, and until October 20, 2013, Plaintiff Ceon regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

48. Plaintiff Ceon performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

49. Throughout Plaintiff Ceon's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours he worked in a day or the number of

hours he worked in a workweek.

50. Plaintiff Ceon regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

51. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

52. During the course of their employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

53. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

54. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, were entitled to be compensated at a rate of one and one-half times his regular rate of pay.

55. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

56. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

57. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

58.      All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

59.      This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

60.      The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

61.      Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

62.      Defendants failed to compensate Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

63.      Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff overtime wages for hours worked in excess of forty (40) in individual work weeks.

64.      Defendants willfully violated the Illinois Minimum Wage Law by refusing to

compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

65. Pursuant to 820 ILCS 105/12*(*a), Plaintiff is entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 11, 2016

 /s/ Ryan Kim  
Ryan J. Kim

INSEED LAW, P.C.  
2454 E Dempster St Suite 301  
Des Plaines, IL 60016  
Attorney for Plaintiff